# UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF ALABAMA
## NORTHERN DIVISION

| | |
|---|---|
| **RYDER SYSTEM, INC.,** ) | RECEIVED |
| ) | |
| **Plaintiff,** ) | 2017 OCT 20 P 2:01 |
| ) | |
| v. ) | CASE NO. 2:17cv-718-GMB |
| ) | U.S. DISTRICT COURT |
| **CHARLESTON ALUMINUM** ) | MIDDLE DISTRICT ALA |
| **TRANSPORTATION, LLC and** ) | |
| **DAVID E. ALLEN,** ) | |
| ) | |
| **Defendants.** ) | |

## COMPLAINT FOR DAMAGES (REIMBURSEMENT FOR RESPONSE ACTION CLEANUP COSTS UNDER 33 U.S.C. §§ 2709, 2715, 42 U.S.C. § 9613)

Ryder System, Inc. ("Ryder"), by and through its attorneys, hereby brings its claim against Defendants Charleston Aluminum Transportation, LLC and David E. Allen for a judgment as follows:

### JURISDICTION AND VENUE

1. This Court has original subject matter jurisdiction over this action pursuant to the Oil Pollution Liability and Compensation Act (33 U.S.C. § 2717(b)) and/or the Comprehensive Environmental Response, Compensation and Liability Act ("CERCLA") (42 U.S.C. § 9613(b)).

2. The release or damages complained of occurred in Lowndes County, Alabama, within this Court's venue.

3. Neither the citizenship of the parties nor the amount in controversy are required considerations for jurisdiction or venue.

4. Jurisdiction and venue are appropriate in this Court.

## PARTIES

5. Ryder System, Inc. is a citizen of Florida. Ryder System, Inc. is a corporation organized under the laws of Florida, with its principal place of business as 11690 NW 105 St., Miami, FL 33178.

6. Charleston Aluminum Transportation, LLC is a citizen of South Carolina. Charleston Aluminum Transportation, LLC is a Limited Liability Company organized under the laws of South Carolina, with its principal place of business as 480 Frontage Road, Gaston, SC 29053.

7. David E. Allen is a citizen of South Carolina. His address is 225 Cooper Road, Blythewood, SC 29016.

## FACTS OF ACCIDENT AND RELEASE OF OIL/HAZARDOUS SUBSTANCES

8. A crash involving two semi tractor-trailers occurred in Lowndes County, Alabama on northbound Interstate 65 at or near mile marker 151.

9. The crash occurred on May 27, 2015.

10. Mr. David E. Allen was driving one of the tractor-trailers.

11. Mr. Sean Riley Hughes Peterson was driving one of the tractor-trailers.

12. Mr. Allen's tractor-trailer struck the back end of Mr. Peterson's tractor-trailer.

13. Mr. Allen was employed by Charleston Aluminum Transportation, LLC at the time of the crash.

14. Mr. Allen was in the course and scope of his employment with Charleston Aluminum Transportation, LLC at the time of the crash.

15. Ryder System, Inc. owned the tractor-trailer being driven by Mr. David E. Allen on behalf of and in the line and scope of his employment with Charleston Aluminum

Transportation, LLC at the time of the crash, and had leased it to Charleston Aluminum Transportation, LLC for commercial use.

16. The cargo on Mr. Allen's trailer was a transformer that contained oil and/or dielectric fluid.

17. As a result of the crash the transformer came off the trailer and began discharging oil and/or dielectric fluid onto the ground.

18. As a result of the crash the tractor(s) also discharged diesel fuel onto the ground.

### FACTS OF THE CLEAN UP AND DEMANDS FOR PAYMENT

19. After the crash, local authorities contacted United States Environmental Services ("USES") to clean up the oil and/or dielectric fluid, diesel fuel, and soil that had been contaminated by these substances.

20. On or about May 27, 2015, Ryder and USES entered into a "response action contract" to clean up the oil and/or dielectric fluid. The agreement is attached as Exhibit "A".

21. Between May 27, 2015 and July 13, 2015, USES employees and hired contractors cleaned up the substances and soil.

22. On July 31, 2015, USES presented Ryder with a detailed invoice for the cleanup costs in the amount of **$116,990.23** and demanded payment in accordance with the response action contract. The invoice is attached as Exhibit "B".

23. Ryder informed Charleston Aluminum Transportation, LLC, on several occasions, that it believed Charleston Aluminum was the legally responsible party to pay for the cleanup.

24. Ryder paid USES the full amount of its clean-up invoice ($116.990.23) on or about September 22, 2016.

3

25.  Ryder has demanded that Charleston Aluminum Transportation, LLC reimburse Ryder for the cleanup costs. Charleston Aluminum has not responded to that demand.

**CAUSE OF ACTION---JUDGMENT AGAINST ALL DEFENDANTS UNDER CERCLA**

26.  Ryder re-alleges paragraphs 1-25 above as though fully set forth here.

27.  Ryder entered into a "response action contract" with USES as that term is defined in 42 U.S.C. § 9619(e)(1).

28.  Ryder is entitled to seek a judgment in contribution and/or subrogation against any other person/party who is potentially liable under CERCLA.

29.  The truck was a "facility" under CERCLA.

30.  The transformer was a "facility" under CERCLA.

31.  Defendants are each responsible persons for the release of hazardous substances as owners/operators of facility(ies) under CERCLA.

32.  The release of hazardous substances required plaintiff Ryder to incur response costs in the amount of ($116.990.23).

33.  Plaintiff is not a "responsible person" and its share of the costs should be zero.

**CAUSE OF ACTION---JUDGMENT AGAINST ALL DEFENDANTS UNDER THE OIL POLLUTION LIABILITY AND COMPENSATION ACT**

34.  Ryder re-alleges paragraphs 1-25 above as though fully set forth here.

35.  USES submitted a claim for payment of oil clean up costs to Ryder as an alleged "responsible party" under 33 U.S.C. § 2702.

36.  Ryder paid the claim to USES in the amount of ($116,990.23) for the oil clean up costs.

37.  Ryder is entitled to pursue defendants as the actual responsible parties under subrogation (33 U.S.C. §§ 2702(d)(1)(B), 2715) and/or contribution (33 U.S.C. § 2709).

38.  Defendants are the responsible parties for the oil clean up costs.

39. The release of hazardous substances required plaintiff Ryder to incur response costs in the amount of ($116,990.23).

40. Plaintiff is not a "responsible person" and its share of the costs should be zero.

**WHEREFORE,** Ryder prays for the following relief:

    A. A monetary judgment against defendants in the amount of $116,990.23;

    B. For pre-judgment interest as may be allowed under CERCLA, The Oil Pollution Liability And Compensation Act, or other applicable law;

    C. For costs of suit and attorney's fees as may be allowed under CERCLA, The Oil Pollution Liability and Compensation Act, or other applicable law;

    D. For any other relief the Court may deem just and equitable under the circumstances.

Dated this 17TH day of October, 2017.

By: _____
Larry J. Britton
Britton & Associates, S.C.
1035 W Glen Oaks Ln, Suite 100
Mequon, WI 53092
(414)-273-2900
(414)-273-2905 (Fax)
ljb@britton-law.com

\* A Motion for Pro Hac Vice Admission is being filed by Larry J. Britton concurrently with the filing of this Complaint, pursuant to Local Rule 83.1.

By: _____
Brett A. Ross    asb-6771-o76b
Jeffrey G. Miller    asb-2236-j53m
Carr Allison
100 Vestavia Parkway
Birmingham, AL 35216
(205) 822-2006

(205) 822-2057 (Fax)
bross@carrlison.com

40.     Plaintiff is not a "responsible person" and its share of the costs should be zero.

**WHEREFORE,** Ryder prays for the following relief:

    A.    A monetary judgment against defendants in the amount of $116,990.23;

    B.    For pre-judgment interest as may be allowed under CERCLA, The Oil Pollution Liability And Compensation Act, or other applicable law;

    C.    For costs of suit and attorney's fees as may be allowed under CERCLA, The Oil Pollution Liability and Compensation Act, or other applicable law;

    D.    For any other relief the Court may deem just and equitable under the circumstances.

Dated this _____ day of _____, 2017.

By: _____
Larry J. Britton
Britton & Associates, S.C.
1035 W Glen Oaks Ln, Suite 100
Mequon, WI 53092
(414)-273-2900
(414)-273-2905 (Fax)
ljb@britton-law.com

\* **A Motion for Pro Hac Vice Admission is being filed by Larry J. Britton concurrently with the filing of this Complaint, pursuant to Local Rule 83.1.**

By: _____
Brett A. Ross    asb-6771-o76b
Jeffrey G. Miller    asb-2236-j53m
Carr Allison
100 Vestavia Parkway
Birmingham, AL 35216
(205) 822-2006
(205) 822-2057 (Fax)
bross@carrlison.com

5

**Defendants to be served by certified mail as follows:**

Charleston Aluminum Transportation, LLC
c/o William Portnoy, Registered Agent
480 Frontage Road
Gaston, SC 29053

David E. Allen
225 Cooper Road
Blythewood, SC 29016

7