IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | |
|---|---|
| RYDER SYSTEM, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | CIVIL ACTION NO. |
| v. ) | 2:17cv718-MHT |
| ) | (WO) |
| CHARLESTON ALUMINUM ) | |
| TRANSPORTATION, LLC and ) | |
| DAVID E. ALLEN, ) | |
| ) | |
| Defendants. ) | |

BRIEFING ORDER

This case is before the court on plaintiff's motions for default judgment (doc. nos. 23 & 24). A default judgment, including the specific nature and extent of the relief sought, must be adequately supported in the record. *See, e.g., Boswell v. Gumbaytay*, No. 2:07-CV-135-WKW, 2009 WL 1515912, at *8 (M.D. Ala. June 1, 2009) (Watkins, J.) (in entering a default judgment, "[t]he court's core duty is 'to assure [itself] that there is a legitimate basis for any damage award it enters'") (quoting *Anheuser-Busch, Inc. v. Philpot*, 317 F.3d 1264, 1266 (11th Cir. 2003)). Plaintiff's motions

for default judgment are insufficient in that they do not explain the legal and factual basis for a damage award here.

***

Accordingly, it is ORDERED that, by August 28, 2018, plaintiff shall file a brief in support of its motions for default judgment, with citations to relevant caselaw, statutes, and other legal authorities. The brief should explain: (1) the exact statutes and subsections under which plaintiff proceeds; (2)(a) the elements plaintiff must prove to establish its claims under those provisions, and (b) how it meets each element, including, but not limited to, whether, as alleged in the complaint (doc. no. 1 at 4), the truck and the transformer each constitutes a "facility" under the relevant statute; (3) assuming plaintiff proceeds under 42 U.S.C. § 9613(f)(1), whether that statute provides a federal cause of action in the absence of a another "civil action under section 9606 of this title or under section 9607(a) of this title," § 9613(f)(1); and (4) whether the complaint is

sufficient to support the entry of default judgment given that the "response action contract" referred to in the complaint (doc. no. 1 at 3) is not attached to it.

DONE, this the 14th day of August, 2019.

/s/ Myron H. Thompson
UNITED STATES DISTRICT JUDGE